```
                              _____

                              No. 95-3496
                              _____
```

United States of America,          *
                                                *

          Appellee,         *
                                                *  Appeal from the United States

     v.                   *  District Court for the
                                                *  Eastern District of Arkansas.

Joseph William Folen, IV,      *
                                                  *

          Appellant.        *

```
                              _____

              Submitted:  May 30, 1996

                 Filed:  June 4, 1996
                              _____
```

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
```
                              _____
```

WOLLMAN, Circuit Judge.

Joseph William Folen, IV, appeals his conviction following his conditional guilty plea to conspiring to violate 18 U.S.C. § 842(i), which prohibits felons from possessing explosives that have travelled in interstate commerce.  We affirm.

Folen and a friend broke into a storage shed at a quarry in Pulaski County, Arkansas, and stole explosives.  After his arrest, Folen pleaded guilty to an information charging him with conspiring "to possess explosives which had been shipped or transported in interstate commerce." Having reserved his right to challenge the constitutionality of section 842(i), Folen moved the court to dismiss the information, citing <u>United States v. Lopez</u>, 115 S. Ct. 1624, 1634 (1995).  The district court[1] rejected Folen's challenge

---

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

and sentenced him to sixty months imprisonment and three years of supervised release.

On appeal, Folen argues that Congress has exceeded its power under the Commerce Clause by continuing to regulate indefinitely the possession of explosives after they have crossed state lines; and that his conduct, which occurred entirely within Pulaski County, constituted a local offense and did not substantially affect interstate commerce.

The constitutionality of a statute is a legal question we review de novo.  <u>United States v. Monteleone</u>, 77 F.3d 1086, 1091 (8th Cir. 1996).

Section 842(i)(1) makes it unlawful for a felon to "possess any explosive which has been shipped or transported in interstate . . . commerce."  We hold that section 842(i)(1) is constitutional because its express jurisdictional element ensures that it regulates only the possession of explosives that have travelled in interstate commerce.  <u>Cf.</u> <u>United States v. Bates</u>, 77 F.3d 1101, 1104 (8th Cir. 1996) (upholding 18 U.S.C. § 922(g)(1) because it contains express jurisdictional element limiting regulation to firearm possessions with explicit nexus to interstate commerce).  The interstate nexus is not dependent upon a defendant's personal interstate transportation of the explosives he possessed.  <u>Cf.</u> <u>United States v. Shelton</u>, 66 F.3d 991, 992 (8th Cir. 1995) (per curiam) (for purposes of 18 U.S.C. § 922(g), interstate nexus is sufficient where firearm has at some time been in interstate commerce), <u>cert. denied</u>, 116 S. Ct. 1364 (1996).

Accordingly, the judgment of conviction is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.