# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1887

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| James L. Waller, | * | |
| | * | **[TO BE PUBLISHED]** |
| Appellant. | * | |

_____

Submitted: April 14, 2000
Filed: July 12, 2000

_____

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

After a bench trial, the district court[1] found James L. Waller guilty of seventy-four counts of being a felon in possession of firearms, ammunition, and explosives, and of making false statements to firearms dealers, in violation of 18 U.S.C. §§ 842(i)(1), 922(a)(6), and 922(g)(1). The court sentenced him to concurrent terms of seventy-two months in prison, three years supervised release, $7,400 in special assessments ($100 per count), and a $15,000 fine. Waller appeals. We affirm.

---

[1]The HONORABLE LAWRENCE L. PIERSOL, Chief Judge of the United States District Court for the District of South Dakota.

Following a lengthy historical introduction, Waller's brief on appeal argues that the statutes under which he was convicted are unconstitutional because they violate the Second Amendment to the United States Constitution and the natural, inalienable right of citizens to keep and bear arms. Unfortunately for Waller, it is now well-settled that Congress did not violate the Second Amendment in enacting the statutes in question. See Lewis v. United States, 445 U.S. 55, 65-66 & n.8 (1980); United States v. Barry, 98 F.3d 373, 378 (8th Cir. 1996) (upholding § 922(g)(1)), cert. denied, 519 U.S. 1140 (1997); United States v. Folen, 84 F.3d 1103, 1104 (8th Cir. 1996) (upholding § 842(i)(1)); Cody v. United States, 460 F.2d 34, 36 (8th Cir.) (upholding § 922(a)(6)), cert. denied, 409 U.S. 1010 (1972).

Waller next argues he was improperly convicted of multiple offenses, instead of a single offense, based upon the government's seizure of numerous firearms plus ammunition and explosives from his residence. See United States v. Christner, 66 F.3d 922, 927 (8th Cir. 1995) ("An indictment which charges a single offense in multiple counts is multiplicitous"). As applied to firearm offenses, this doctrine is fact-intensive, involving issues such as whether the guns were acquired at the same time, stored in the same place, and seized by the government in the same search. See United States v. Hutching, 75 F.3d 1453, 1460 (10th Cir.), cert. denied, 517 U.S. 1246 (1996). Here, Waller did not make this argument to the district court, and we have no transcript or other record on appeal that would clarify the relevant facts. Accordingly, we decline to consider this issue. See United States v. Dixon, 51 F.3d 1376, 1383 (8th Cir. 1995) (issue not raised in district court is waived on appeal).

Finally, Waller argues that a prior misdemeanor sentence for petty theft should not have been counted in computing his criminal history for sentencing purposes. The Guidelines provide that misdemeanor sentences count unless they are "similar to" the offenses listed in U.S.S.G. § 4A1.2(c)(1) and (2). We held that petty theft is not on these exclusionary lists in United States v. Ziglin, 964 F.2d 756, 758 (8th Cir. 1992), and United States v. Hoelscher, 914 F.2d 1527, 1537 (8th Cir. 1990), cert. denied, 498

U.S. 1090 and 500 U.S. 943 (1991).  See also United States v. Sandoval, 152 F.3d 1190, 1192 (9th Cir. 1998) ("Unlike the offenses listed in U.S.S.G. § 4A1.2(c)(2), petty theft requires proof of criminal intent"), cert. denied, 119 S. Ct. 834 (1999).

Waller's remaining arguments are without merit.  The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.