# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-1325

_____

United States of America,         *

                                  *

      Plaintiff - Appellee,     *

                                  *   Appeal from the United States

       v.                    *   District Court for the

                                  *   District of South Dakota.

Martin Uphoff,             *

                                  *

      Defendant - Appellant.   *

_____

Submitted:  October 20, 2000
Filed:  November 13, 2000

_____

Before HANSEN, MURPHY, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

Martin J. Uphoff was convicted by a jury of one count of arson in violation of 18 U.S.C. § 844(i) and one count of intentionally damaging a facility providing reproductive health services in violation of 18 U.S.C. § 248(a)(3).  After denying Uphoff's motion for new trial or provisional sentence, the district court[1] sentenced him to 60 months on the arson count and six months on the second count, to be served concurrently.  Uphoff now appeals his conviction and sentence.  We affirm.

_____

[1]The Honorable Lawrence L. Piersol, Chief United States District Judge for the District of South Dakota.

In the early morning of March 29, 1999 a fire was reported at Planned Parenthood, a reproductive health clinic for women in Sioux Falls, South Dakota. Police found a bush burning near the front door of the clinic when they responded to the call. Surveillance tapes from cameras near the front door of the building showed a person pouring liquid and setting it on fire. Residue taken from the front door later tested positive for gasoline. Uphoff had been convicted of intentionally damaging the same property in 1994 and police suspected that he had started the fire, and he admitted it after his arrest.

At trial Uphoff asserted an insanity defense. His treating psychiatrist testified that he suffers from bipolar disorder and that on the night of the fire he had been suffering from mania. The government's expert witness, a clinical psychologist and director of forensics at the Federal Medical Center in Rochester Minnesota, did not dispute that Uphoff suffers from bipolar disorder. After her review of the records and her interviews with Uphoff and his family, she concluded that on the night of the fire he had not been having a manic episode. A defense witness testified that Uphoff's manic episodes occur predominantly during the springtime, and the prosecutor asked on cross examination whether the witness was aware that April is significant to anti-abortion protestors since the Waco and Oklahoma City disasters had occurred in that month. The district court overruled a defense objection, but sustained it the next day and instructed the jury to disregard the evidence.

On appeal, Uphoff argues that the district court should have declared a mistrial because the question about Waco and Oklahoma City was so inflammatory and prejudicial that it could not be remedied by the curative instruction. He also challenges his sentence on the grounds that the Eighth Amendment prohibition against cruel and unusual punishment should protect a person with a mental illness from the 60 month mandatory minimum sentence and that the district court erred when it held that it lacked authority to depart from the mandatory minimum. The government responds that the

denial of a mistrial was not an abuse of discretion because any prejudice was remedied by the curative instruction, that a 60 month sentence for arson is not cruel and unusual punishment, and that the district court was unable to grant a departure from the mandatory minimum required by 18 U.S.C. § 844(i).

It is presumed that a jury will follow a curative instruction unless there is "an overwhelming probability" that it was unable to do so. See Greer v. Miller, 483 U.S. 756, 766 n.8 (1987). Because there is nothing to suggest that the curative instruction was not followed by the jury, the district court did not err in denying a mistrial.

Uphoff's five year sentence does not violate the Eighth Amendment or any other provision of the federal Constitution. There was ample evidence by which the jury could reject his insanity defense, and the imposition of a statutory mandatory sentence without consideration of mitigating factors does not violate the Eighth Amendment in circumstances like this. See Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991); United States v. Rudolph, 970 F.2d 467, 469 (8th Cir. 1992).

Although a district court may depart under 18 U.S.C. §§ 3553(e) and (f), it may do so only if the government makes a motion for departure due to substantial assistance, or if the defendant fits within the safety valve provision. See United States v. Villar, 184 F.3d 801, 803 (8th Cir. 1999). Neither provision helps Uphoff. Further, his unbriefed argument that the five year mandatory minimum sentence violates the Equal Protection clause is without merit.

For these reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.