# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2522

_____

United States of America,

       Appellee,

v.

William A. Shaffer,

       Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Western
\*   District of Missouri.
\*
\*      [UNPUBLISHED]
\*

_____

Submitted:  November 6, 2001

Filed:   November 13, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

William A. Shaffer appeals his conviction upon his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for which the district court[1] sentenced him to 96 months imprisonment and 3 years supervised release.  Counsel has filed a brief and moved to withdraw under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing (1) the Second Amendment was violated; (2) there was a violation of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

Castillo v. United States, 530 U.S. 120 (2000), "because whether the shotgun fit the definition of a weapon as defined in 26 U.S.C. § 5845 was an element of the offense which should have been charged in the indictment, and was not merely a sentencing factor"; (3) Mr. Shaffer was coerced into signing his post-arrest statement; (4) the district court lacked jurisdiction under Article III; and (5) the prosecution was, among other things, dishonest and orchestrated to incite fear.

We reject these arguments seriatim. First, "it is now well-settled that Congress did not violate the Second Amendment in enacting [§ 922(g)(1)]." United States v. Waller, 218 F.3d 856, 857 (8th Cir. 2000) (per curiam). Second, Mr. Shaffer's section 5845 argument is misplaced, given that he did not receive an enhanced sentence for possessing a sawed-off shotgun as opposed to a firearm in general. See 18 U.S.C. § 924(c)(1)(B)(i) (10-year mandatory minimum prison term if firearm possessed is "short-barreled shotgun"). Third, Mr. Shaffer waived his argument concerning the voluntariness of his signed statement. See United States v. Vong, 171 F.3d 648, 654 (8th Cir. 1999) (by pleading guilty defendant waived all non-jurisdictional defenses). Fourth, the district court had jurisdiction because section 922 is a law of the United States enacted by Congress, see U.S. Const. art. I, § 1, and federal courts have jurisdiction over cases arising from federal laws, see U.S. Const. art. III, § 2, cl. 1. Finally, Mr. Shaffer's improper-prosecution argument is wholly conclusory and waived by his guilty plea. See Vong, 171 F.3d at 652.

Upon further review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.