# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2178

———————

United States of America,

          Plaintiff - Appellee,

      v.

Robert Joos,

          Defendant - Appellant.

\* \* \* \* \* \* \* \* \* \*

Appeal from the United States
District Court for the Western
District of Missouri.

———————

Submitted: April 12, 2011
Filed: May 3, 2011

———————

Before LOKEN, BALDOCK[1], and MURPHY, Circuit Judges.

———————

MURPHY, Circuit Judge.

Robert Joos was convicted by a jury of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and being a felon in possession of an explosive, in violation of 18 U.S.C. § 842(i)(1). The district court[2] sentenced

---

[1] The Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

[2] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

him to 78 months on each count, to run concurrently, followed by three years of supervised release. Joos appeals his convictions, and we affirm.[3]

I.

In 2005, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) received information from a confidential informant (CI) suggesting that Joos, a felon, was in possession of firearms. Following an investigation, the CI arranged for ATF agent Tristan Moreland to visit Joos in January 2009, posing as an underground firearms dealer.

Moreland initially met with Joos over a three day period at Joos' 200 acre property in Sugar Creek, Missouri. During the meetings, Joos gave Moreland an extensive tour of his property, including the various caves and buildings on it. Moreland testified at trial that during the visits Joos talked about his in depth knowledge of explosives, including the manufacture of homemade explosive devices. He also spoke to Moreland about the use, value, and stockpiling of firearms and ammunition. During one of their initial meetings, Moreland observed firearms concealed under a sheet in the front room of what Joos referred to as his office.

Moreland made a second visit to Joos at his property in February 2009. Moreland testified that they again spoke about firearms and that during the visit, he saw a shotgun by the front door of Joos' office lying in plain view. Joos identified the firearm as a Mossberg brand shotgun.

On June 25, 2009 ATF agent James Patterson led a team of 100 ATF and Missouri state highway patrol SWAT team officers in executing a search warrant on Joos' property. Patterson catalogued the evidence seized by the officers, which

---

[3] We also deny Joos' motion to compel his counsel to file a supplemental brief.

included the Mossberg shotgun and a loaded rifle found by the front door of Joos' residence, as well as another eight firearms found inside the residence. The officers seized more than 19,000 rounds of ammunition from the home, as well as a canister of black powder and cannon fuse. In Joos' kitchen, officers found a file marked explosives, which contained a recipe for a homemade explosive device and a government pamphlet summarizing federal explosives laws. A storage structure that Joos called the "bunkhouse" was located about a mile from his residence. In it officers found safety fuses and a box of blasting caps.

ATF special agent Dan Fridley, an interstate nexus expert, examined the seized firearms and ammunition and determined that all the items had been manufactured outside Missouri. The blasting caps were examined by an ATF explosive enforcement officer and determined to be an "explosive" under federal law. They were manufactured in Pennsylvania.

Joos was charged with being a felon in possession of firearms and ammunition, in violation of 18 U.S.C § 922(g)(1), and being a felon in possession of an explosive, in violation of 18 U.S.C. § 842(i)(1). The case was originally scheduled for trial in November 2009, but in October Joos moved for a continuance and requested new counsel. The court granted the continuance, rescheduling the case for December 2009, and appointed new counsel. Joos filed a second motion for a continuance in November, which was again granted by the court. The trial was rescheduled for January 2010.

Joos also filed a pro se "Notice and Demand for Constitutional Rights" in November 2009. In this filing, Joos alleged that he was being punished in violation of the Constitution for possessing firearms and explosives. He demanded his immediate release, return of all property seized, and both compensatory and punitive damages. The district court never ruled on the "Notice and Demand."

One week before his trial in January 2010, Joos filed a pro se motion to remove his second appointed counsel and to delay the trial in order to allow him to prepare to defend himself. Joos asserted that his attorney had treated him disrespectfully, had refused to file a motion to suppress, and had not subpoenaed certain witnesses to testify on his behalf. The district court engaged in a lengthy colloquy about the motion with Joos on the morning of the first day of trial. The court answered a number of questions Joos raised about his defense and advised him that it would not grant another continuance. Joos decided to withdraw his motion to remove his attorney.

During the two day trial, the government presented a number of witnesses, including ATF agents Moreland and Patterson. Agent Moreland testified about his meetings with Joos, including conversations they had had about Joos' antigovernment and racist beliefs. Joos testified on his own behalf and denied that he had owned or been in possession of any of the weapons, ammunition, or explosives found on his property. The jury found him guilty on both charges and the court sentenced him to 78 months on each count, to run concurrently.

II.

On appeal, Joos argues that: (1) 18 U.S.C. §§ 922(g)(1) and 842(i)(1) are unconstitutional under the Second Amendment and unauthorized by the Commerce Clause, (2) the district court erred in denying his pretrial motion for a continuance and for removal of his second appointed counsel, (3) the court erred in failing to issue a Federal Rule of Evidence 404(b) limiting instruction to the jury, and (4) the evidence was insufficient to convict him of being a felon in possession of an explosive.

A.

Joos argues that the felon in possession statutes under which he was convicted, 18 U.S.C. §§ 922(g)(1) and 842(i)(1), are facially unconstitutional under both the Second Amendment and the Commerce Clause. He also argues that § 922(g)(1) and § 842(i)(1) are unconstitutional as applied to him under the Commerce Clause.

Turning first to Joos' facial attack on his statutes of conviction, it is well settled that Congress did not violate the Second Amendment or exceed its authority under the Commerce Clause when enacting § 842(i) and § 922(g), and Joos' arguments to the contrary are foreclosed by our prior decisions. See e.g., United States v. Folen, 84 F.3d 1103, 1104 (8th Cir. 1996) (upholding § 842(i) against Commerce Clause challenge); United States v. Waller, 218 F.3d 856, 857 (8th Cir. 2000) (upholding § 842(i) under Second Amendment); United States v. Hill, 386 F.3d 855, 859 (8th Cir. 2004) (upholding § 922(g) against Commerce Clause challenge); United States v. Seay, 620 F.3d 919, 925 (8th Cir. 2010) (upholding § 922(g) under Second Amendment).

Joos' as applied constitutional challenges do not fare any better. Joos raised these claims before the district court only in his pro se "Notice and Demand for Constitutional Rights", which he now styles as a motion to dismiss the indictment. The district court never made any ruling on this pro se filing, however. Because we have determined that as applied constitutional challenges to statutes are nonjurisdictional, Joos likely waived this argument. See United States v. Morgan, 230 F.3d 1067, 1071 (8th Cir. 2000).

Even if we were to find that his as applied challenges had not been waived, they still fail. The government presented undisputed evidence at trial that all of the seized firearms, ammunition, and explosives were manufactured outside Missouri. We have

repeatedly held that this is sufficient to satisfy the interstate commerce requirements of § 922(g) and § 842(i).  See Folen, 84 F.3d at 1104.

B.

Joos next argues that the district court erred by denying his pretrial motions for a continuance and for removal of his second appointed counsel.  He argues that the court's denial amounted to a deprivation of his Sixth Amendment right to represent himself.

Joos asserts that the district court violated his constitutional right to self representation by denying his third motion for a continuance, which he filed a week before the start of his trial.  A district court has "broad discretion in deciding whether to grant or deny a motion for a trial continuance."  United States v. Myers, 503 F.3d 676, 680 (8th Cir. 2007).  To determine whether an abuse of discretion occurred, we consider: "(1) whether counsel had sufficient time to prepare for trial; (2) whether counsel's conduct at trial shows that counsel was well prepared; and (3) whether the denial of the continuance prejudiced the defendant."  Id. at 681.

After assessing the relevant factors, we conclude that the district court did not abuse its discretion by denying Joos' motion for a continuance.  The court appointed his second counsel nearly twelve weeks prior to his trial, which was sufficient time to prepare for the two count criminal case.  Moreover, the trial transcript reflects that his counsel was prepared for trial.  Counsel made timely objections during witness testimony, cross examined government witnesses, and entered exhibits on Joos' behalf. Joos argues that his counsel's failure to make an opening statement demonstrates a lack of preparation for trial.  Counsel's decision not to make an opening statement may be logically explained as a matter of trial strategy, however, and does not persuade us that trial counsel was unprepared.

-6-

Furthermore, Joos has not identified anything in the record to show that he was prejudiced by the district court's denial of his continuance motion. Although Joos alleges that he was prejudiced by his attorney's failure to make an opening statement and to subpoena the government's confidential informant, he has not provided an explanation as to how an opening statement would have aided his defense and has not identified any exculpatory information the CI could have testified to on his behalf. In sum, Joos has not shown that the district court's denial of his third motion for a continuance actually prejudiced his defense.

While the Sixth Amendment allows a defendant to represent himself, that right is not absolute. United States v. Edelmann, 458 F.3d 791, 807 (8th Cir. 2006). The right to self representation "does not exist . . . to be used as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." Id. at 808–09. Here, the district court had ample reason to suspect that Joos was merely seeking to delay his trial again by filing for another continuance. Joos had already moved for two continuances, both of which had been granted and which resulted in a trial delay of two months. Joos then filed his motion for a third continuance one week before his trial was scheduled to begin. It was therefore within the court's broad discretion to deny the third motion for a continuance.

We also conclude that the district court did not err with respect to Joos' motion for removal of his second appointed counsel. Since Joos withdrew his motion for removal before the court ruled on it, he likely waived appellate review of the issue. Joos argues nonetheless that the district court effectively left him with no choice but to withdraw the motion. Even if we were to review for plain error, however, there was none here. When confronted with a defendant's colorable complaint about counsel, a district court is obligated to "inquire thoroughly into the factual basis of defendant's dissatisfaction." Smith v. Lockhart, 923 F.2d 1314, 1320 (8th Cir. 1991). The morning of the first day of trial, the district court spent a considerable amount of time discussing with Joos his reasons for seeking a continuance and removal of his second

appointed counsel and answering his many questions concerning his defense. Following this colloquy, Joos decided to withdraw his motion for removal of his attorney. On review of the record, we are satisfied that the court engaged in a sufficiently thorough inquiry into the concerns Joos raised and committed no error requiring reversal.

C.

Joos contends that the district court erred by failing sua sponte to issue a Rule 404(b) limiting instruction concerning trial testimony about his "purported character, unsavory associations, offensive values and beliefs, and involvement in domestic terrorism." Although we generally review jury instructions for abuse of discretion, the proper review here is for plain error because Joos did not request a limiting instruction at trial or raise an objection to the district court's instructions. See United States v. Ladoucer, 573 F.3d 628, 637 (8th Cir. 2009). We may reverse under plain error review only "if the error was so prejudicial as to have affected substantial rights resulting in a miscarriage of justice." Id.

Agent Moreland testified at trial that during his meetings with Joos, they discussed what Moreland described in general terms as Joos' antigoverment and racist beliefs. Joos asserts that this testimony painted him as a terrorist and bigot to the jury. He argues that the district court should have sua sponte issued a Rule 404(b) limiting instruction advising the jury that testimony concerning his character or prior bad acts could not be used as proof of his guilt.

We have "never found it to be plain error when a court does not give a limiting instruction of any kind sua sponte with respect to Rule 404(b) type evidence." United States v. Bamberg, 478 F.3d 934, 939 (8th Cir. 2007). Moreover, we are satisfied that the absence of a limiting instruction did not affect Joos' substantial rights. The government presented significant evidence at trial supporting his convictions. In light

of the substantial evidence of Joos' guilt, we conclude that "the failure to give a limiting instruction was not such plain error as to require reversal." See Ladoucer, 573 F.3d at 638.

D.

Finally, Joos challenges his conviction for being a felon in possession of an explosive, in violation of 18 U.S.C. § 842(i)(1). He argues that the government presented insufficient evidence at trial to prove that he knowingly possessed the explosive material seized from the bunkhouse on his property. We review the sufficiency of the evidence de novo, viewing the evidence in the light most favorable to the verdict, accepting all reasonable inferences that support the verdict, and reversing only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Van, 543 F.3d 963, 964 (8th Cir. 2008).

To convict Joos of being a felon in possession of a firearm, the goverment was required to prove that he had knowingly possessed an explosive which had traveled in interstate commerce. 18 U.S.C. § 842(i)(1). "Knowing possession may be actual or constructive." United States v. Cox, 627 F.3d 1083, 1085 (8th Cir. 2010). Constructive possession exists when a person had control over the place where the contraband was located, or control, ownership, or dominion over the contraband itself. United States v. Jackson, 610 F.3d 1038, 1043 (8th Cir. 2010).

At trial an ATF agent testified that he found blasting caps in the bunkhouse on Joos' property. In the same building he also recovered Missouri Department of Probation and Parole documents pertaining to Joos. Agent Moreland testified that Joos had spoken to him extensively about explosives and had said that he kept materials on his property used to make explosive devices. Moreland further testified that he had not seen anyone else on Joos' property during their meetings. Joos testified in his defense that he was unaware the blasting caps were in the bunkhouse,

a building located about a mile from his residence. He also testified that a number of people stored things in the bunkhouse and that three people in addition to himself had keys to the building.

The trial testimony provided strong evidence that Joos was at least in constructive possession of the blasting caps seized from the bunkhouse. Although Joos presented an alternative theory for the source of the explosives, "the presence of one possible 'innocent' explanation for the government's evidence does not preclude a reasonable jury from rejecting the exculpatory hypothesis in favor of guilt beyond a reasonable doubt." United States v. Maloney, 466 F.3d 663, 667 (8th Cir. 2006). Based on the evidence presented at trial, a reasonable jury could conclude that Joos knowingly possessed the explosives found in the bunkhouse. We conclude that the evidence was sufficient to sustain his conviction.

III.

Accordingly, we affirm the judgment of the district court.

_____