# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3200

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   District of South Dakota. |
| Brian Moore, | * |
| | *      [UNPUBLISHED] |
| Appellant. | * |

_____

Submitted: June 17, 2011
Filed: July 14, 2011

_____

Before COLLOTON and BENTON, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

A jury found Brian Moore guilty of conspiracy to distribute with intent to distribute 50 grams or more of a mixture and substance containing cocaine base. Because Moore had a qualifying felony drug conviction, the district court[2] sentenced him to a mandatory minimum sentence of 20 years of imprisonment under 21 U.S.C.

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

[2]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

§ 841(b)(1)(A). Moore appeals his conviction and sentence, arguing that the evidence at trial was insufficient to support the jury's verdict and that his mandatory minimum sentence violates the Eighth Amendment.

We review the sufficiency of the evidence de novo, viewing the evidence and all reasonable inferences therefrom in a light most favorable to the verdict. *United States v. Joos*, 638 F.3d 581, 588 (8th Cir. 2011). We will reverse a conviction only if we conclude that "no reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id*.

At trial, the jury heard testimony that Isaiah Dozier sold crack cocaine from Moore's apartment, Moore actively assisted Dozier in distributing crack cocaine to customers and Moore received small amounts of crack cocaine in exchange for his assistance. Evidence also showed that items consistent with distribution were found in Moore's apartment. This testimony and evidence were sufficient for a reasonable jury to conclude that Moore participated in a conspiracy to distribute with intent to distribute 50 grams or more of a mixture and substance containing cocaine base.

Moore also argues that his mandatory minimum sentence of 20 years violates the Eighth Amendment. However, we have repeatedly affirmed the constitutionality of mandatory sentences under 21 U.S.C. § 841(b)(1)(A). *See, e.g., United States v. Scott*, 610 F.3d 1009, 1018 (8th Cir. 2010) (explaining that circuit precedent effectively foreclosed defendant's Eighth Amendment argument that his mandatory minimum life sentence was grossly disproportionate). Moore's case "is not the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." *Ewing v. California*, 538 U.S. 11, 30 (2003) (internal quotation marks omitted).

The judgment of the district court is affirmed.

_____