# United States Court of Appeals
## For the Eighth Circuit

_____

No. 10-3200

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Moore

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls

_____

Submitted: August 1, 2012
Filed: August 10, 2012
[Unpublished]

_____

Before COLLOTON and BENTON, Circuit Judges, and KOPF,[1] District Judge.

_____

PER CURIAM.

This case is on remand from the Supreme Court.  In our opinion filed July 14, 2011, *United States v. Moore*, 461 F. App'x 517 (8th Cir. 2011), we affirmed Brian

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, sitting by designation.

Moore's conviction under 21 U.S.C. § 841(b)(1)(A), and we affirmed his sentence. Moore then petitioned the Supreme Court for a writ of certiorari. The Supreme Court granted the petition, vacated our judgment, and remanded the case for further consideration in light of *Dorsey v. United States*, 132 S. Ct. 2321 (2012).

We affirm Moore's conviction for the reasons stated in our prior opinion. 461 F. App'x at 517-18. As for Moore's sentence, *Dorsey* held that "the new, more lenient mandatory minimum provisions" of the Fair Sentencing Act ("FSA") "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." 132 S. Ct. at 2326. Moore fits the profile described in *Dorsey*. A jury found Moore guilty of conspiracy to distribute with intent to distribute 50 grams or more of a mixture and substance containing cocaine base on December 10, 2009. Because Moore had a qualifying felony drug conviction, the district court sentenced him on September 23, 2010, to a mandatory minimum sentence of 20 years of imprisonment under 21 U.S.C. § 841(b)(1)(A). Pursuant to *Dorsey* and the FSA, the drug quantity range found by the jury no longer requires imposition of the same statutory mandatory sentence. We therefore vacate Moore's sentence and remand the case to the district court for resentencing consistent with the Supreme Court's ruling in *Dorsey* and the FSA.

_____