# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2388

_____

United States of America

*Plaintiff - Appellee*

v.

Jim R. Harris

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: February 19, 2013
Filed: March 4, 2013
[Unpublished]

_____

Before WOLLMAN, BOWMAN, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jim Harris appeals the district court's[1] judgment entered after he pleaded guilty to interfering with commerce by threat or violence, in violation of 18 U.S.C. § 1951;

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); and being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court found that Harris had three prior violent-felony convictions under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and sentenced him to concurrent 180-month prison terms on Counts 1 and 3, and a consecutive 120-month term on Count 2, for a total sentence of 300 months in prison.

Harris's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that Harris does not believe he has three prior violent-felony convictions. In his pro se brief, Harris argues that the court forced him to plead guilty by refusing to continue the trial and refusing to appoint new counsel, that the indictment was unconstitutional, and that counsel was ineffective for not fully investigating and presenting a suppression issue.

Counsel argued below that Harris's 1997 Illinois conviction for aggravated possession of a stolen motor vehicle should not count as a violent felony, as the statute allowed for conviction based on inaction. The court ultimately found that the conviction was a violent felony under Sykes v. United States, 131 S. Ct. 2267 (2011). We agree. We have recently held that a conviction under a nearly identical Minnesota statute was categorically a violent felony based on the Supreme Court's holding in Sykes. See United States v. Bartel, 698 F.3d 658, 662 (8th Cir. 2012).

As for the pro se arguments, because Harris did not move to withdraw his guilty plea in the district court, he cannot challenge the voluntariness of his plea on direct appeal, but only under 28 U.S.C. § 2255, see United States v. Umanzor, 617 F.3d 1053, 1060 (8th Cir. 2010); thus, any claim that the district court erred in its suppression ruling is not before us, see United States v. Limley, 510 F.3d 825, 827 (8th Cir. 2007) (valid guilty plea waives all nonjurisdictional defects and defenses). We reject Harris's claim that the indictment was unconstitutional, which appears to be based on his argument in the district court that section 922(g)(1) violates the

Second Amendment, <u>see</u> <u>United States v. Joos</u>, 638 F.3d 581, 586 (8th Cir. 2011); and we decline to address on direct appeal any claim of ineffective assistance of counsel, <u>see</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872-73 (8th Cir. 2007).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we have found no nonfrivolous issues.  Accordingly, the judgment of the district court is affirmed.  We deny Harris's pro se motion to supplement the record. We grant counsel's motion to withdraw, subject to counsel informing Harris about procedures for seeking rehearing or filing a petition for certiorari.

_____