# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3968
_____

United States of America

*Plaintiff - Appellee*

v.

Brian Moore

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: March 10, 2014
Filed: April 30, 2014
[Unpublished]
_____

Before COLLOTON, SHEPHERD, and KELLY, Circuit Judges.
_____

PER CURIAM.

Brian Moore was convicted after a jury trial of conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district

court,[1] after finding that Moore had a qualifying felony drug conviction, sentenced him to 240 months in accordance with 21 U.S.C. § 841(b)(1)(a). Moore appealed, and we affirmed the conviction and held the sentence did not violate the Eighth Amendment. United States v. Moore, 461 F. App'x 517 (8th Cir. 2011) (per curiam). Moore petitioned the Supreme Court for certiorari. The Supreme Court subsequently issued its decision in Dorsey v. United States, 132 S. Ct. 2321 (2012), and it granted Moore's certiorari petition and remanded the case to this court for further consideration in light of Dorsey. Moore v. United States, 133 S. Ct. 63 (2012). Dorsey held that "the new, more lenient mandatory minimum provisions" of the Fair Sentencing Act "apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey, 132 S. Ct. at 2326. On remand, we again affirmed Moore's conviction but remanded the case for resentencing because Moore fit the profile described in Dorsey. United States v. Moore, 484 F. App'x 86 (8th Cir. 2012) (per curiam). The district court resentenced Moore to 120 months, the mandatory minimum sentence.

Moore now appeals his sentence, arguing the imposition of the mandatory minimum sentence violates the Eighth Amendment. We review de novo an Eighth Amendment challenge to a sentence. United States v. Wiest, 596 F.3d 906, 911 (8th Cir. 2010). The Eighth Amendment forbids "extreme sentences that are 'grossly disproportionate' to the crime." Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring in part and concurring in judgment) (quoting Solem v. Helm, 463 U.S. 277, 288 (1983)). Moore argues the 120-month term of imprisonment is grossly disproportionate to the crime of which he was convicted and is cruel and unusual because the district court cannot vary downward based on his diminished mental capacity.

---

[1]The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota.

The constitutionality of a mandatory minimum sentence has been established by circuit precedent. We have repeatedly held mandatory minimum penalties for drug offenses do not violate the Eighth Amendment's prohibition of cruel and unusual punishments. See, e.g., United States v. Scott, 610 F.3d 1009, 1018 (8th Cir. 2010) (explaining that circuit precedent effectively foreclosed defendant's Eighth Amendment argument that his mandatory minimum life sentence was grossly disproportionate); United States v. Turner, 583 F.3d 1062, 1068 (8th Cir. 2009) (holding a 120-month mandatory minimum sentence for conspiracy to manufacture and aiding and abetting the manufacture of 500 grams or more of methamphetamine did not violate the Eighth Amendment); United States v. Baker, 415 F.3d 880, 881-82 (8th Cir. 2005) (holding a mandatory minimum sentence of twenty years under 21 U.S.C. § 841(b) did not violate the Eighth Amendment). With the exception of a capital sentence, the imposition of a mandatory sentence for an adult offender without consideration of mitigating factors such as mental incapacity does not violate the Eighth Amendment. United States v. Uphoff, 232 F.3d 624, 626 (8th Cir. 2000) (citing Harmelin v. Michigan, 501 U.S. 957, 994-95 (1991)). Moore's case "is not the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality." Ewing v. California, 538 U.S. 11, 30 (2003) (internal quotation marks omitted). We thus disagree with Moore that the sentences imposed on his coconspirators are relevant to the Eighth Amendment analysis. United States v. Prior, 107 F.3d 654, 660 (8th Cir. 1997).

We conclude that the mandatory minimum sentence of 120 months is not grossly disproportionate to Moore's crime of conspiracy to distribute and possess with intent to distribute cocaine base.

Accordingly, we affirm.

_____