# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3568
_____

United States of America

*Plaintiff - Appellee*

v.

Michael L. Williams

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted:  May 21, 2015
Filed: May 27, 2015
[Unpublished]

_____

Before SHEPHERD, BYE, and KELLY, Circuit Judges.

_____

PER CURIAM.

Michael Williams directly appeals the sentence the district court[1] imposed after he pled guilty to one count of being a felon in possession of a firearm, in violation of

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

18 U.S.C. §§ 922(g)(1) and 924(a)(2). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), generally challenging Williams's sentence. Williams has filed a supplemental brief claiming that he received ineffective assistance of counsel, and asserting various challenges to his conviction and sentence.

Upon careful review, we conclude that the district court did not abuse its discretion in sentencing Williams. See United States v. Feemster, 572 F.3d 455, 461-62, 464 (8th Cir. 2009) (en banc) (discussing appellate review of sentencing decisions). In addition, we decline to consider Williams's ineffective-assistance claim on direct appeal, see United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005) (absent exceptional cases, ineffective-assistance claims are better raised in habeas proceedings), and we conclude that his other assertions are either incorrect or unavailing, see United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011) (Congress did not violate Second Amendment or exceed its authority under Commerce Clause when enacting § 922(g)); United States v. Jenkins-Watts, 574 F.3d 950, 968 (8th Cir. 2009) (discussing appellate review of indictments when challenged for first time on appeal); United States v. White Horse, 316 F.3d 769, 772 (8th Cir. 2003) (subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231).

Finally, having independently reviewed the record pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion to withdraw as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____