# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1966

_____

United States of America

*Plaintiff - Appellee*

v.

Robert Fount Mahan, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: February 2, 2016
Filed: February 5, 2016
[Unpublished]

_____

Before WOLLMAN, ARNOLD, and SMITH, Circuit Judges.

_____

PER CURIAM.

Robert Mahan, Jr. directly appeals after he pleaded guilty, pursuant to a written plea agreement, to a felon-in-possession offense, and the district court[1] sentenced him

---

[1]The Honorable Beth Phillips, United States District Judge for the Western District of Missouri.

to 120 months in prison and three years of supervised release. Mahan's counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967); and Mahan has filed a pro se supplemental brief. For the reasons that follow, we affirm the judgment, and we grant counsel's motion to withdraw.

Counsel argues in the Anders brief that Mahan's plea was not voluntary, but the issue is not properly before us. See United States v. Umanzor, 617 F.3d 1053, 1060-61 (8th Cir. 2010) (where defendant did not move to withdraw guilty plea in district court, he could not challenge voluntariness of plea for first time on direct appeal, and any claim that plea was involuntary needed to be addressed in 28 U.S.C. § 2255 proceedings where factual record could be further developed). Counsel also argues that the felon-in-possession statute underlying Mahan's conviction is invalid under the Missouri Constitution because it violates the right to bear arms, and accordingly, the conviction and sentence are invalid. These arguments are patently meritless and do not warrant extended discussion. See United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011); Heart of Am. Grain Inspection Serv., Inc. v. Mo. Dep't of Agric., 123 F.3d 1098, 1103 (8th Cir. 1997) (discussing Supremacy Clause). The final Anders brief argument addresses pretrial-detention credit, but this matter must first be raised with the Bureau of Prisons. See United States v. Iversen, 90 F.3d 1340, 1344 (8th Cir. 1996).

In his pro se brief, Mahan complains generally of the ambiguity of his plea agreement, but does not explain what terms are ambiguous or what relief he seeks. He also raises ineffective-assistance claims, which we decline to consider in this direct appeal, see United States v. Looking Cloud, 419 F.3d 781, 788-89 (8th Cir. 2005); we reject his assertions that alleged misstatements in his plea agreement undermined the district court's jurisdiction; and his reliance on Alleyne v. United States, 133 S. Ct. 2151, 2155 (2013), is misplaced. Finally, having reviewed the record independently as required under Penson v. Ohio, 488 U.S. 75 (1988), we find

no nonfrivolous issues for appeal.  Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____