# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3547
_____

United States of America

*Plaintiff - Appellee*

v.

Juan Francisco Herrera-Rodriguez

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Sioux Falls
_____

Submitted: October 16, 2017
Filed: November 28, 2017
[Unpublished]
_____

Before WOLLMAN, BEAM, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Juan Francisco Herrera-Rodriguez appeals his conviction by a jury for one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. Herrera-Rodriguez contends that a mistrial should have been granted because the prosecution's law enforcement witness testified about his belief that Herrera-Rodriguez had been untruthful during his post-arrest interview. Trial

counsel objected and moved for a mistrial after the comment. The district court[1] sustained the objection, reserved ruling on the motion for mistrial, and after consulting with the attorneys about the particular wording, instructed the jury to disregard the witness's testimony regarding whether a defendant or other witness was truthful or untruthful, reminding it that a veracity determination was in the exclusive province of the jury. At the close of the evidence, Herrera-Rodriguez renewed his motion for mistrial. The district court denied the renewed motion, finding that the comment happened once, and "any error was cured by the curative instruction."

We review the district court's decision on whether to grant a mistrial for an abuse of discretion. United States v. Coleman, 349 F.3d 1077, 1087 (8th Cir. 2003). Admission of a prejudicial statement is "ordinarily cured by striking the testimony and instructing the jury to disregard the remark." Id. (quotation omitted). We presume a jury will follow such an instruction unless there is an "overwhelming probability" that it would be unable to do so. United States v. Uphoff, 232 F.3d 624, 626 (8th Cir. 2000) (quoting Greer v. Miller, 483 U.S. 756, 766 n.8 (1987)).

Having reviewed the record, we find that the district court did not abuse its discretion in refusing to grant the mistrial. The district court immediately conducted a sidebar with counsel, struck the offending statement, instructed the jury to disregard it, and reminded the jury of its job to decide whether a defendant or witness was truthful or untruthful. Nothing in the record suggests there was an overwhelming probability that the jury was unable to follow this instruction. Additionally, the evidence of Herrera-Rodriguez's guilt was substantial. In addition to the officer's testimony, the jury heard evidence in the form of confidential informant testimony and audio recordings about a number of controlled buys involving Herrera-Rodriguez. Accordingly, any possible prejudice from the jury hearing the improper

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

comment was minimal and therefore harmless. <u>United States v. Encee</u>, 256 F.3d 852, 854 (8th Cir. 2001) ("Whether a curative instruction is sufficient must be evaluated in the context of the entire trial, including the strength of the government's evidence."). We affirm.

_____