# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2297

_____

United States of America

*Plaintiff - Appellee*

v.

Wade Lawrence Duchaine

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Western

_____

Submitted: March 7, 2022
Filed: March 10, 2022
[Unpublished]

_____

Before KELLY, STRAS, and KOBES, Circuit Judges.

_____

PER CURIAM.

Wade Duchaine appeals the judgment entered by district court[1] after he was found guilty by a jury of committing a firearm offense. He argues that 18 U.S.C.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

§ 922(g)(1) is unconstitutional as applied to him because his possession of the firearm was not in or affecting commerce, and thus section 922(g)(1) exceeds the power granted to Congress by the Commerce Clause, and violates the Tenth Amendment of the United States Constitution.

Duchaine's argument is squarely foreclosed by this court's precedent. See United States v. Anderson, 771 F.3d 1064, 1066 (8th Cir. 2014) ("[I]t is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (quoting United States v. Betcher, 534 F.3d 820, 823–24 (8th Cir. 2008))); United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011) (it is well settled that Congress did not exceed its authority under Commerce Clause when enacting § 922(g); defendant's arguments to the contrary are foreclosed by this court's prior decisions); United States v. Bates, 77 F.3d 1101, 1104 (8th Cir. 1996) (rejecting Commerce Clause challenge to § 922(g), explaining that to satisfy interstate commerce element of § 922(g), it is sufficient that there exists minimal nexus that firearms have been--at some time--in interstate commerce).

Accordingly, we affirm.

_____