# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1967
_____

United States of America,

*Plaintiff - Appellee*,

v.

Brandon Eugene McNeese,

*Defendant - Appellant.*

_____

No. 22-1968
_____

United States of America,

*Plaintiff - Appellee*,

v.

Brandon Eugene McNeese,

*Defendant - Appellant.*

_____

Appeals from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: September 30, 2022
Filed: October 27, 2022
[Unpublished]
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Brandon McNeese appeals the sentence the district court[1] imposed at his consolidated sentencing hearing after he pleaded guilty, under a plea agreement containing an appeal waiver, to a drug offense and a firearm offense that were charged in 2 separate indictments. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), discussing McNeese's sentence. McNeese has filed a pro se brief challenging his firearm conviction, and a motion for appointment of new counsel.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (standard of review); *United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc).

We have independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. McNeese argues that 18 U.S.C. § 922(g)(1) is unconstitutional because it exceeds the power granted to Congress under the Commerce Clause, but his argument is foreclosed by circuit precedent. *See United States v. Joos*, 638 F.3d 581,

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

586 (8th Cir. 2011). Accordingly, we dismiss this appeal based on the appeal waiver, grant counsel's motion to withdraw, and deny McNeese's motion for counsel.

_____