# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 06-4139

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | * |
| v. | * |
| | * |
| Kent Raymond Platter, | * |
| | * |
| Appellant. | * |

_____

No. 07-1134

_____

Appeal from the United States
District Court for the
Northern District of Iowa.

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | [PUBLISHED] |
| | * | |
| v. | * | |
| | * | |
| Timothy Allen Platter, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 24, 2007
Filed: January 10, 2008

_____

Before WOLLMAN, HANSEN, and RILEY, Circuit Judges.
_____

HANSEN, Circuit Judge.

A jury found Kent Platter guilty of being both a felon and a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and (g)(3). Kent was sentenced to 70 months of imprisonment for one count of illegal possession of a firearm. In connection with the same operative facts, Kent's brother, Timothy Platter, pleaded guilty to two counts of being a felon in possession of a firearm and was sentenced to 137 months of imprisonment, the top of the advisory Guidelines range. In these consolidated appeals, Kent challenges the district court's[1] denial of his motion to dismiss one of the alternate counts charged under § 922(g). Timothy appeals his sentence. We affirm.

I.

On the morning of December 22, 2005, a Black Hawk County sheriff's deputy spotted Timothy Platter's truck stopped on the side of the road. As the deputy approached the vehicle, Timothy threw a stolen, nine-millimeter handgun onto the roadbed. The deputy discovered the handgun, which had been stolen during the burglary of an Iowa home approximately one month earlier. Timothy was arrested.

On the same day, officers applied for, and received, a warrant to search Timothy Platter's Waterloo residence for evidence of other stolen goods. Timothy's brother, Kent Platter, also resided there. To execute the warrant, officers escorted Kent from his place of work to the home, where Kent directed the officers to his bedroom. Kent lived in a garage adjoining the home, in which he kept a davenport,

_____

[1] The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

television, a large wardrobe, clothes, tools, and various personal effects. Inside the wardrobe, officers discovered a stolen .20 gauge shotgun that was wrapped in a blanket, and the officers also found .20 gauge ammunition hidden in a sock. Inside a roll-away tool cabinet within the garage, officers found a small amount of marijuana and drug paraphernalia, which included drug pipes, a scale, glass pipes and tubes, rolling papers, and a rolling machine. Later, behind the davenport, the officers also discovered a .22 caliber rifle.

In February 2006, a grand jury returned a four-count indictment against Kent and Timothy Platter. Counts one and two charged Timothy with being a felon in possession of a firearm, § 922(g)(1), and were based on independent acts of possession. Count three charged Kent with being a felon in possession of a firearm, § 922(g)(1), and count four charged him with being a drug user in possession of a firearm, § 922(g)(3). Both of these counts were based on the same act of possession. Timothy pleaded guilty to counts one and two, and the district court sentenced him to 137 months of imprisonment. Kent proceeded to trial.

On June 9, 2006, a jury was selected, but not sworn, for Kent's trial on counts three and four of the indictment. On the same day, the district court ordered a new jury to be selected because it was concerned that trying Kent for being both a felon and a drug user in possession of a firearm, under separate counts, would expose Kent to multiplicitous counts. In response to Kent's Motion to Dismiss Alternate Counts of the indictment, the district court ordered counts three and four to be merged and presented to the jury as alternative theories for one charged offense. United States v. Platter, 435 F. Supp. 2d 913, 919 (N.D. Iowa 2006).

After a new jury was empaneled, Kent was tried by the new jury. Kent stipulated that he was a convicted felon at the time he allegedly possessed a firearm illegally. At trial, the Government was allowed to prosecute Kent under the theory that he was a felon in possession of a firearm, and alternatively, that he was a drug

user in possession of a firearm. The jury found Kent guilty of violating § 922(g) under both theories of criminal liability, and thereafter, the district court sentenced him to 70 months of imprisonment. This appeal follows.

## II.

On appeal, Kent Platter argues that the district court abused its discretion by denying his Motion to Dismiss Alternate Counts. We review *de novo* the district court's determination that counts in an indictment are multiplicitous. United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005). We review the district court's failure to compel the Government to elect one theory of prosecution, as a remedy for a multiplicitious indictment, for an abuse of discretion. United States v. Moore, 149 F.3d 773, 779 (8th Cir. 1998); Brennan v. United States, 240 F.2d 253, 261 (8th Cir.), cert. denied, 353 U.S. 931 (1957).

We recognize that Kent does not meaningfully contend that he was convicted of, or punished for, multiplicitous counts in contravention of the Double Jeopardy Clause of the Fifth Amendment. But we begin our analysis with the multiplicitous nature of the indictment because it is helpful to our analysis of whether the district court abused its discretion in remedying the defective indictment.

An indictment is multiplicitous if it charges the same crime in separate counts. United States v. Chipps, 410 F.3d 438, 447 (8th Cir. 2005). "The primary problem is that the jury can convict on both counts, resulting in two punishments for the same crime in violation of the Double Jeopardy Clause of the Fifth Amendment." United States v. Ansaldi, 372 F.3d 118, 124 (2d Cir.), cert. denied, 543 U.S. 949 and cert. denied, 543 U.S. 960 (2004). If the same statutory offense is charged twice, the operative "question is whether the facts underlying each count were intended by Congress to constitute separate units of prosecution." Id. (internal marks omitted).

Section 922(g) makes it a crime for a person in one of nine classes to "possess in or affecting commerce, any firearm or ammunition."  As relevant to this appeal, it is illegal for a person to possess a firearm if that person has been convicted of a felony, § 922(g)(1), or if that person "is an unlawful user of or addicted to any controlled substance," § 922(g)(3).

In United States v. Richardson, our en banc court aligned itself with each circuit that has addressed whether an individual, based on a single act of possession, can be separately convicted and punished pursuant to § 922(g) under more than one classification.  439 F.3d 421, 422 (8th Cir. 2006) (en banc).  The en banc court held that separate convictions for a single act of possession are not authorized under the statute because "Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition."  Id. at 422 (quoting Bell v. United States, 349 U.S. 81, 81 (1955)).  The en banc court directed the district court on remand to "vacate the sentence, merge the counts of conviction into one count, and resentence the defendant based on a single conviction . . . ."  Id. at 423.

Here, the district court recognized that charging Kent with two violations of § 922(g) for one act of possession improperly exposed Kent to multiplicitous counts. Consistent with Richardson, the district court merged the count charging Kent with being a felon in possession with the count charging Kent with being a drug user in possession.  Kent was then convicted and punished for a single violation of § 922(g), even though the jury found Kent guilty under both theories of criminal liability.  The district court's actions are  consistent with Richardson, and, as a result of the district court's corrective action, Kent was in no way exposed to or convicted of multiplicitous counts.

Kent focuses his challenge on the district court's remedy for the multiplicitous indictment. Kent argues that the district court should have granted his motion to dismiss, thereby compelling the Government to elect one theory of prosecution under § 922(g), and preventing the Government from introducing evidence under both theories. According to Kent, the district court's failure to do so resulted in the introduction of prejudicial, and otherwise inadmissible evidence, which denied him a fair trial.

In Brennan, this court recognized that the district court has discretion to require the government to elect between multiple counts of an indictment. 240 F.2d at 261 ("[T]he motion [to require the government to elect between counts I and II of the indictment] was addressed to the sound judicial discretion of the court . . . ."); see also United States v. Webber, 255 F.3d 523, 527 (8th Cir. 2001) ("[I]n a rare case [the] risk [of a prejudicial compromise verdict] might justify requiring the government to elect among or consolidate counts at trial . . . ."); United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997) ("A decision of whether to require the prosecution to elect between multiplicitous counts before trial is within the discretion of the trial court."), cert. denied, 525 U.S. 829 (1998).

While the district court has discretion to require election, the Supreme Court has recognized that the government has "broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case." Ball v. United States, 470 U.S. 856, 859 (1985). Generally, the government is free to prove a defendant's liability for one criminal offense using multiple theories of guilt. Federal Rule of Criminal Procedure 7(c)(1) expressly permits the government to allege "that the defendant committed [an offense] by one or more specified means." We have observed that "where a statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." Roy, 408 F.3d at 492 n.4 (internal marks omitted); see also United States

v. Shea, 211 F.3d 658, 673 (1st Cir. 2000) ("[I]t is clear enough that the government is entitled to get both theories[–that the defendant was a drug-user and felon in possession of a firearm–] before the jury, whether in one count or two."), cert. denied, 531 U.S. 1154 (2001).

In light of the government's broad discretion in carrying out criminal prosecutions and Rule 7(c)(1)'s express approval of the government's prosecution of one offense using alternative theories of liability, with the facts of this case, the district court did not abuse its discretion by denying Kent's motion to compel the Government to elect one theory of prosecution. The district court's ruling is consistent with Eighth Circuit precedent, which provides that the proper remedy when a defendant is convicted of multiplicitous counts is merger of the counts into one count, not a retrial under just one theory of liability. See Richardson, 439 F.3d at 423; Roy, 408 F.3d at 492 & n.4 (vacating one of Roy's convictions as multiplicitous, and directing the Government, in future cases, to allege alternative means of committing one offense in the same count of the indictment).

Kent would have us adopt a per se rule requiring election for any prosecution in which the Government seeks to prove that the defendant is either a felon or a drug user in possession of a firearm. But implicit in the Richardson court's concluding direction is the determination that the Government's intention to present evidence that a defendant is both a felon and a drug user in possession of a firearm does not, standing alone, require the Government to elect one theory of illegal possession under the statute. We decline Kent's invitation to craft a per se rule of election for every prosecution under § 922(g)(1) and § 922(g)(3); whether the district court abused its discretion by declining to require election must be reviewed on a case-by-case basis. Here, Kent makes no showing that the circumstances of this case are exceptional in comparison to other cases in which federal courts have permitted prosecution for one count under two theories under similar circumstances. Moreover, Kent directs us to

no similar case in which this court has held that the district court abused its discretion by failing to require the government to elect one theory of prosecution.

We also conclude that Kent was not prejudiced by the government's presentation of both firearm-possession theories to the jury. First, the district court clearly instructed the jury that "[t]he indictment in this case charges [Kent Platter] with one criminal offense," (Jury Instruction #10), and the jury never saw the multiplicitous indictment. See Roy, 408 F.3d at 491 ("[M]ultiplicitous indictments may be saved at the trial stage if the district court submits an appropriate instruction to the jury."); United States v. Moore, 149 F.3d 773, 779 (8th Cir. 1998) (holding that the defendants were not prejudiced by a "potentially multiplicitous" indictment because "the jury did not see the indictment" and, consistent with Fed. R. Crim. P. 7(c)(1), the potentially multiplicitous counts were submitted together on a single verdict form). Moreover, the jury found Kent guilty under both theories of possession; thus, there is no possibility that the jury reached a comprise verdict as a result of its exposure to evidence that Kent was both a felon and a drug user. See Johnson, 130 F.3d at 1426 (concluding that Johnson was not prejudiced by a "compromise verdict" as a result of multiplicitous counts, where the evidence on both § 922(g) counts was overwhelming and the jury found Johnson guilty on both counts).

Finally, we respectfully disagree with Kent's contention that he was unduly prejudiced by the Government's presentation of evidence that he was both a felon and a drug user. Like the district court, we agree that theoretically the prosecution of a defendant under alternative theories of guilt may result in the admissibility of otherwise inadmissible 404(b) evidence. See Fed. R. Evid. 404(b). But this potential for prejudice is inherent in most prosecutions relying on multiple theories of guilt, a practice approved by Rule 7. And here, any such prejudice was negligible. Kent was hardly prejudiced by evidence that he was a felon. Kent stipulated to this fact, and the Government merely read the stipulation into the record. Kent's stipulation is

nondescript and includes no information regarding his prior felony offense. Likewise, the evidence that Kent was a drug user resulted in minimal prejudice. The evidence that Kent was a drug user could have had no effect on the jury's finding that Kent was a felon because Kent agreed to his status as a felon. And insofar as Kent argues that this evidence led the jury to reason that it was more likely that he possessed a firearm, this argument is without merit. In every prosecution under § 922(g), even when only one theory is put forth, the jury will be presented with evidence of the defendant's disqualifying status, which risks the same inference on which Kent urges this court to grant him a new trial.

Further, our conclusion that Kent was not prejudiced by the Government's introduction of evidence under both theories is supported by the strength of the evidence. See Chipps, 410 F.3d at 449 (rejecting Chipps's argument that multiplicitous counts tainted the jury's deliberations, finding that the district court's instructions to consider each count separately together with the strong evidence of guilt on the valid counts, limited any prejudice to Chipps such that a new trial was not warranted). Inside Kent's living quarters, which included Kent's personal belongings, officers discovered a substantial amount of drug paraphernalia and a bag of marijuana in a roll-away chest that was close to the davenport on which Kent slept. Similarly, the officers discovered the shotgun hidden inside the wardrobe that contained Kent's clothes. See, e.g., United States v. Abdul-Aziz, 486 F.3d 471, 477 (8th Cir. 2007) ("Constructive possession of the firearm is established if the person has dominion over the premises where the firearm is located . . . . Constructive possession can also be established by a showing that the firearm was seized at the defendant's residence." (internal marks and citation omitted)). The strength of this evidence minimizes the risk of any prejudice to Kent.

The judgment of the district court with respect to Kent Platter in No. 06-4139 is affirmed.

III.

Timothy Platter's sole argument on appeal is that the district court erred by treating the advisory Guidelines as presumptively reasonable.

Timothy's argument is unsupported by the record. The sentencing transcript clearly indicates that the district court treated the Guidelines as its starting point and gave them no presumptive weight. The district court recognized that it is "required to consider all of the applicable factors under 18 [U.S.C. §] 3553(a)." (Sent. Tr. at 20.) And the record makes clear that the district court considered the advisory Guidelines, other available sentences, the nature and circumstances of Timothy's offense, Timothy's history and characteristics, and the remaining sentencing factors before imposing its sentence. Timothy's argument is without merit.

The judgment of the district court with respect to Timothy Platter in No. 07-1134 is affirmed.

_____