# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-3678

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Tyrone Brown, | * | |
| | * | [UNPUBLISHED] |
| Defendant - Appellant. | * | |

_____

Submitted: October 17, 2011
Filed: November 3, 2011

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

A jury found Tyrone Brown guilty of being in a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced him to 77 months in prison. Brown appeals his conviction, arguing that it violates his Second Amendment right to possess and bear arms. We affirm.

At trial the government presented evidence that in November 2009 police found a loaded 9 millimeter semiautomatic pistol under Brown's bedroom mattress

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

while executing a search warrant. Police arrested Brown after they found him hiding in a closet underneath a pile of clothes. He told police he had the gun because he had previously "been shot at." The parties stipulated that Brown had previously been convicted of a felony offense. The district court denied Brown's motion for a judgment of acquittal at the conclusion of the evidence, rejecting his argument that a conviction would violate his Second Amendment right to keep and bear arms. The jury returned a guilty verdict, and the district court sentenced Brown to 77 months, the bottom of his guideline range of 77 to 96 months.

Brown appeals, renewing his argument that the conviction violates his Second Amendment right to keep and bear arms. We review the constitutionality of the statute de novo. United States v. Seay, 620 F.3d 919, 923 (8th Cir. 2010). Brown contends that the Supreme Court has confirmed that the right to bear arms for self defense is fundamental and that a handgun is considered to be the "quintessential self-defense weapon." McDonald v. City of Chicago, Ill., 130 S. Ct. 3020, 3036 (2010) (quoting District of Columbia v. Heller, 554 U.S. 570, 629 (2008)). He asserts that he possessed the handgun for self defense and therefore his conduct was protected by the Second Amendment.

We reject Brown's Second Amendment challenge. We have previously upheld the felon in possession statute, 18 U.S.C. § 922(g)(1), against a facial Second Amendment challenge. See, e.g., United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011). Moreover, the Supreme Court explicitly declined to "cast doubt" on the validity of felon in possession statutes in the same cases Brown cites in support of his Second Amendment challenge. See McDonald, 130 S. Ct. at 3047; Heller, 554 U.S. at 626. To the extent that Brown also makes an as applied challenge to the statute, he is unsuccessful. Brown has not presented "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections." United States v. Barton, 633 F.3d 168, 174 (3d Cir. 2011). He does not allege, for example, that his stipulated prior felony conviction

was for a non violent offense or that he is "no more dangerous than a typical law-abiding citizen." Id.  Brown's assertion that he possessed the gun for self defense is insufficient to successfully challenge his conviction under the felon in possession statute.

Accordingly, the judgment of the district court is affirmed.

_____