# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3543

_____

United States of America

*Plaintiff - Appellee*

v.

John Harry Woolsey, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: May 12, 2014
Filed: July 17, 2014

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

A jury found John Harry Woolsey, Jr. guilty of two offenses: (1) being a felon in possession of a firearm, and (2) being a felon in possession of ammunition, both in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Woolsey to 84

_____

[1]The Honorable Ralph R. Erickson, Chief Judge, United States District Court for the District of North Dakota.

months' imprisonment. Woolsey appeals, arguing that his convictions are multiplicitous and that § 922(g)(1) is unconstitutional under the Second Amendment. We affirm.

I.

On April 20, 2012, Deputy Michael Gavere found Eric Burley in Burley's vehicle in Ardoch, North Dakota. Burley was injured from a self-inflicted gunshot wound, and he later died from his injuries. During the investigation into Burley's suicide, Deputy Gavere recovered a .22 caliber pistol and a box of ammunition from inside Burley's vehicle. Deputy Gavere eventually learned that the gun and ammunition may have belonged to Woolsey.

Deputy Gavere contacted Woolsey, and Woolsey agreed to talk to him. Woolsey told Deputy Gavere that he purchased the gun a few years ago when he was living in Montana. He said he purchased the gun at a yard sale in Wyoming, and that at the time, he intended to use the gun to protect himself from bears because the noise could scare away a bear. Woolsey was friends with Burley, and sometimes they shot guns at targets, such as tin cans, together. Around December 2011, Woolsey gave Burley the gun with the expectation that Burley would return it once Burley acquired his own. Woolsey said he did not know what Burley intended to do with the gun. At the time Woolsey gave it to Burley, he also gave him a handful of bullets.

In early April 2012, Burley asked Woolsey if he wanted to go shooting with him again. Burley asked Woolsey to bring ammunition. Burley told Woolsey he was out of bullets and did not know where to buy more. Woolsey gave him a box of ammunition that he said he bought at Wal-Mart. Roughly two weeks later, Burley killed himself using the gun and ammunition from Woolsey.

After initially speaking with Woolsey, Deputy Gavere learned that Woolsey was a convicted felon at the time Woolsey possessed the gun and ammunition. Woolsey has felony convictions for aggravated assault and resisting arrest from 2001, and a 2006 conviction for resisting arrest. Based on Deputy Gavere's investigation, Woolsey was later indicted on two counts of being a felon in possession. Count One alleged that Woolsey unlawfully possessed a firearm "[i]n or between December 2011 and April 20, 2012, in the District of North Dakota." Count Two alleged that Woolsey unlawfully possessed ammunition "[o]n or about April 19 and 20, 2012, in the District of North Dakota, and elsewhere."

Prior to trial, Woolsey filed a motion to dismiss the indictment, alleging that the felon-in-possession statute violated the Second Amendment. The district court denied the motion. On August 21, 2013, a jury found Woolsey guilty of both § 922(g)(1) counts. The presentence report grouped both convictions into one group. See U.S. Sentencing Guidelines Manual § 3D1.2. The district court sentenced Woolsey to a below-guidelines sentence of 84 months' imprisonment. The district court did not discuss at the sentencing hearing the fact that there were two counts of conviction. The district court also did not allocate the total sentence between the two counts.

II.

Woolsey appeals, arguing for the first time that the § 922(g)(1) counts are multiplicitous and that, therefore, he should not have been convicted separately for possessing both the gun and the ammunition. He also renews his argument challenging the constitutionality of the felon-in-possession statute.

## A. Multiplicitous Counts

Normally, this court would review de novo Woolsey's claim that the counts were multiplicitous. See United States v. Platter, 514 F.3d 782, 785 (8th Cir. 2008). However, Woolsey did not raise this claim before the district court, so we review for plain error only. See United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc). For Woolsey to prevail, he "must show that the district court committed an error that is plain, *i.e.* clear under current law, that he was prejudiced by the error, and that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Delgado, 653 F.3d 729, 735 (8th Cir. 2011).

"The rule against multiplicitous prosecutions is based on the Fifth Amendment's Double Jeopardy Clause, which 'protects against multiple punishments for the same offense.'" United States v. Emly, 747 F.3d 974, 977 (8th Cir. 2014) (citations omitted). When "an indictment includes more than one count charging the same statutory violation," the court must determine "whether Congress intended the facts underlying each count to make up a separate unit of prosecution." Id. (internal quotation marks omitted).

Woolsey bases his claim on United States v. Richardson, 439 F.3d 421, 422 (8th Cir. 2006) (en banc) (per curiam), which held that a defendant could not be prosecuted on separate counts for being a felon in possession of a firearm and a drug user in possession of the same firearm. In Richardson, there was only one firearm, and the two counts charged the defendant with possessing the firearm on the same date. Id. The court concluded that "Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition." Id. (quoting Bell v. United States, 349 U.S. 81, 81 (1955)). The Richardson court vacated the defendant's sentence and remanded

to the district court to merge the counts of conviction into one and resentence the defendant based on only one conviction under§ 922(g). Id. at 423.

Woolsey argues that plain error occurred here because he was charged, tried and convicted on two § 922(g) counts instead of one. Woolsey directs us to the fact that the dates he possessed the gun and ammunition overlapped in the indictment (December 2011 through April 20, 2012, and April 19–20, 2012, respectively). Woolsey argues the 'multiplicitous' indictment may have had a "psychological effect upon [the] jury by suggesting to it that [Woolsey] ha[d] committed not one but several crimes." United States v. Sue, 586 F.2d 70, 71 (8th Cir. 1978) (per curiam). He also argues that it is possible he received a longer sentence because he was charged with two counts instead of one. See United States v. Street, 66 F.3d 969, 975 (8th Cir. 1995) ("The vice of multiplicity is that it may lead to multiple sentences for the same offense." (citation omitted)).

A felon's possession of both a firearm and ammunition comprises only one offense, "barring proof that the firearms were obtained at different times or stored separately." Richardson, 439 F.3d at 422; see also United States v. Cunningham, 145 F.3d 1385, 1398 (D.C. Cir. 1998); United States v. Hutching, 75 F.3d 1453, 1460 (10th Cir. 1996). Thus, where the prosecution seeks "more than one charge under section 922(g), separate acquisition and storage of the weapons is an element of the crimes charged." Cunningham, 145 F.3d at 1398. This element presents a question of fact to be submitted to the jury, "not a question of law for the court." Id. at 1399. The record here indicates that this element was never submitted to the jury.

We conclude, however, that no plain error occurred. Woolsey's argument on appeal that some overlapping time requires possession be charged in a single count is a misunderstanding of the law. The test is not whether there was any period of overlap, but whether the two items were separately acquired or stored. It is undisputed on this record that Woolsey acquired the firearm and ammunition at

separate times and in separate places, thus providing two separate "units of prosecution." See Richardson, 439 F.3d at 422. Woolsey acquired the gun at a yard sale in Wyoming several years before giving it to Burley, and he acquired the ammunition at Wal-Mart in North Dakota more recently.

While there are overlapping dates in the indictment for when Woolsey possessed both the gun and the bullets, there was a months-long gap between when Woolsey gave Burley the gun in December 2011 and when Woolsey gave Burley the ammunition used to kill himself in April 2012. Thus, it is undisputed that the gun and ammunition were stored separately during that time.

Further, under plain error review, Woolsey cannot show he was prejudiced by the decision to prosecute him on two counts. Woolsey's presentence report grouped both counts into one group, see U.S.S.G. § 3D1.1, so Woolsey's base offense level would not have changed if he was charged with only one possession count rather than two. See U.S.S.G. § 2K2.1(a)(2) (setting base offense level at 24). In addition, the district court sentenced Woolsey to a below-guidelines sentence and never mentioned, at either the sentencing hearing or in the district court's statement of reasons, the fact that Woolsey was convicted on two counts, rather than one. Because Woolsey cannot show prejudice, his multiplicitous argument necessarily fails plain error review.

B. Constitutionality of 18 U.S.C. § 922(g)(1)

Woolsey next argues that 18 U.S.C. § 922(g)(1) is unconstitutional on its face and as applied to him because it violates his rights under the Second Amendment. The Eighth Circuit has previously rejected facial challenges to the constitutionality of § 922(g)(1), see United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011), and we likewise find Woolsey's facial challenge to be without merit.

To the extent the Eighth Circuit has left open the possibility that a person could bring a successful as-applied challenge to § 922(g)(1), the Eighth Circuit has denied similar claims from defendants with criminal histories similar to Woolsey. For example, in United States v. Brown, 436 F. App'x 725, 726 (8th Cir. 2011) (per curiam) (unpublished), this court stated the following:

> [The defendant] has not presented "facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections." United States v. Barton, 633 F.3d 168, 174 (3d Cir. 2011). He does not allege, for example, that his stipulated prior felony conviction was for a non violent offense or that he is "no more dangerous than a typical law-abiding citizen." Id. [The defendant's] assertion that he possessed the gun for self defense is insufficient to successfully challenge his conviction under the felon in possession statute.

Prior to trial, Woolsey stipulated that he had three prior felony convictions, which included two convictions for resisting arrest and one for aggravated assault. These are not non-violent crimes. Woolsey has not shown that he is "no more dangerous than a typical law-abiding citizen." Brown, 436 F. App'x at 726. We reject Woolsey's as-applied challenge to the constitutionality of § 922(g)(1).

III.

The judgment of the district court is affirmed.

_____