# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3501

_____

United States of America

*Plaintiff - Appellee*

v.

James Allan Siegrist

*Defendant - Appellant*

_____

No. 13-3558

_____

United States of America

*Plaintiff - Appellee*

v.

James Allan Siegrist

*Defendant - Appellant*

_____

Appeals from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: November 14, 2014
Filed: March 13, 2015
[Unpublished]
_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury convicted Defendant James Allan Siegrist on two counts of possessing a firearm or ammunition as a convicted felon.  See 18 U.S.C. § 922(g)(1).  The two counts addressed separate instances of possession that occurred in July 2012 and March 2013.  Siegrist appeals, arguing the district court erred by permitting the government to present prejudicial and irrelevant evidence surrounding one of the dates.  He also presents facial and as-applied challenges to the constitutionality of 18 U.S.C. § 922(g)(1) under the Second Amendment to the United States Constitution. We affirm the judgment of the district court.[1]

Regarding Siegrist's evidentiary challenge, the district court allowed the government to present evidence that a contractor was shot in the leg while working in Siegrist's home.  The contractor was on the first floor, and a gun discharged on the second floor, sending a bullet through the first-floor ceiling and into the worker's leg. Siegrist claimed the gun belonged to his wife.  He told conflicting stories to investigators.  In one interview, he indicated he was moving furniture on the second floor when he came upon the gun lying in the open.  Later he said he discovered the gun in a case.  Eventually, he told investigators he handled the gun, checking it for ammunition and causing it to fire.

---

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

In any event, Siegrist pleaded not guilty to possessing the firearm. As such, the facts and circumstances surrounding Siegrist's purported discovery of the gun, the firing of the gun, and, ultimately, his possession of the gun were contested. The government was entitled to present evidence providing a narrative and context for the events surrounding the discovery of the gun, including the fact of the shooting. See United States v. Rock, 282 F.3d 548, 551 (8th Cir. 2002) (holding evidence was admissible where it "was not simply evidence of other wrongs [but] was directly probative of the felon-in-possession charge"); United States v. Orozco-Rodriguez, 220 F.3d 940, 942 (8th Cir. 2000) (approving the admission of "evidence that completes the story of the crime or explains the relationship of parties or the circumstances surrounding a particular event") (internal quotation marks and citation omitted). The district court did not abuse its discretion by allowing the government to present the challenged evidence. See United States v. Worthey, 716 F.3d 1107, 1114 (8th Cir. 2013) (standard of review).

Regarding Siegrist's facial challenge to 18 U.S.C. § 922(g)(1), the challenge serves merely as a vehicle to preserve his argument. He concedes the argument is foreclosed by Circuit precedent. See United States v. Woolsey, 759 F.3d 905, 909 (8th Cir. 2014); United States v. Joos, 638 F.3d 581, 586 (8th Cir. 2011).

Finally, Siegrist raises an as-applied Second Amendment challenge. Our Circuit arguably has left open the possibility that certain defendants might be able to successfully bring such challenges to the felon-in-possession statute. See Woolsey, 759 F.3d at 909. While we have not granted relief based on an as-applied challenge, we have suggested factors that might make relief more likely. For example, in Woolsey, we noted that such a challenge could not succeed if a defendant fails to "present[] 'facts about himself and his background that distinguish his circumstances from those of persons historically barred from Second Amendment protections.'" Id. (quoting United States v. Barton, 633 F.3d 168, 174 (3d Cir. 2011) (additional citation omitted)). We have also suggested that the nature of a defendant's prior

convictions—violent or non-violent—would be material to the question of whether the defendant is "'more dangerous than a typical law-abiding citizen.'" Id. (quoting Barton, 633 F.3d at 174).

Looking at those factors, it is clear Siegrist's as-applied challenge to 18 U.S.C. § 922(g)(1) must fail. He has an extensive criminal history, with twenty-two felony convictions including a commercial burglary. Persons with criminal histories this extensive historically have been "barred from Second Amendment protections."

We affirm the judgment of the district court.

_____