# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-1936

_____

United States of America

*Plaintiff - Appellee*

v.

Wansolo B. Hughley, also known as Winslow B. Hughley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 6, 2017
Filed: June 14, 2017
[Unpublished]

_____

Before RILEY, Chief Judge,[1] SMITH and BENTON, Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable William Jay Riley stepped down as Chief Judge of the United States Court of Appeals for the Eighth Circuit at the close of business on March 10, 2017. He has been succeeded by the Honorable Lavenski R. Smith.

In the mid-1990s, Wansolo Hughley was convicted of possessing a user amount of crack cocaine and unlawfully using a weapon. These were felonies. In 2014, Hughley illegally possessed two pistols and was charged with violating 18 U.S.C. § 922(g)(1). He pleaded guilty and was sentenced to 20 months' imprisonment, but he reserved the right to appeal the district court's[2] refusal to dismiss his indictment. On appeal, Hughley seeks reversal of his conviction, contending that § 922(g)(1) violates the Second Amendment as applied to him. We affirm.

We review this constitutional question de novo. *United States v. Bena*, 664 F.3d 1180, 1181 (8th Cir. 2011). The Second Amendment guarantees "the right of the people to keep and bear Arms." U.S. Const. amend. II. In *District of Columbia v. Heller*, the Supreme Court affirmed this right by holding unconstitutional a law prohibiting citizens from having guns in their homes. 554 U.S. 570, 635 (2008). *Heller* expressly avoided casting doubt on "presumptively lawful regulatory measures," *id.* at 627 n.26, such as the "longstanding prohibitions on the possession of firearms by felons," *id.* at 626. The contours of this presumptive lawfulness, however, remain undefined. *See, e.g.*, *Bena*, 664 F.3d at 1182 ("The analytical basis for the presumptive constitutionality of these regulatory measures was not thoroughly explained.").

We have upheld § 922(g)(1) against facial challenges. *See, e.g.*, *United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014). Hughley, though, does not argue that § 922(g)(1) is facially unconstitutional. Such an argument would require showing that no set of circumstances exists under which it would be valid. *United States v. Seay*, 620 F.3d 919, 922 (8th Cir. 2010). Rather, Hughley argues that despite *Heller*'s reference to the continuing validity of certain firearms regulations, § 922(g)(1) is

---

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

unconstitutional as applied to him because his felonies were nonviolent and happened years ago.

We have rejected as-applied challenges to § 922(g)(1) when the challenger had a violent felony or was otherwise among those historically not entitled to Second Amendment protections. *See, e.g.*, *Woolsey*, 759 F.3d at 909 (rejecting an as-applied challenge because defendant's prior felony convictions were violent and because he did not show that he was "no more dangerous than a typical law-abiding citizen" (quoting *United States v. Brown*, 436 F. App'x 725, 726 (8th Cir. 2011)).[3]

Although Hughley's prior felonies were nonviolent, he has not shown that he is no more dangerous than a typical law-abiding citizen. Hughley has been convicted of multiple felonies and has repeatedly violated his probation terms. In 1995, Hughley carried a concealed shotgun while possessing illegal drugs. In 2014, Hughley was arrested for trespassing, and police found two firearms, including one with a 30-round magazine, in his car along with illegal drugs. Hughley's conduct has not been typical of a law-abiding citizen. Restricting gun possession by felons—even nonviolent ones—differs meaningfully from restricting citizens who have not been convicted of serious offenses from having guns in their home for self-defense. Hughley's efforts to protect himself while possessing illegal drugs stand in stark contrast.

---

[3]Other courts seem to favor a so-called "two-step approach." *See, e.g.*, *Schrader v. Holder*, 704 F.3d 980, 988 (D.C. Cir. 2013); *Ezell v. City of Chicago*, 651 F.3d 684, 703 (7th Cir. 2011). Step one asks whether the challenged law burdens conduct within the scope of the Second Amendment; if so, then step two asks whether the government's justification for the law holds up under a particular level of scrutiny—usually intermediate scrutiny. *Ezell*, 651 F.3d at 703. We have not adopted this approach and decline to do so here.

Section 922(g)(1)'s purpose reaches beyond felons who have proven themselves violent—that is, those who have already committed violent felonies. In enacting this statute, "Congress sought to keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society." *Small v. United States*, 544 U.S. 385, 393 (2005) (internal quotation marks omitted). "[T]he principal purpose of the federal gun control legislation . . . was to curb crime by keeping firearms out of the hands of those not legally entitled to possess them because of age, criminal background, or incompetency." *Schrader*, 704 F.3d at 989–90 (ellipsis in original) (quoting *Huddleston v. United States*, 415 U.S. 814, 824 (1974)). The statute's objective therefore includes keeping firearms from "persons, such as those convicted of serious crimes, who might be expected to misuse them." *Id.* at 990 (quoting *Dickerson v. New Banner Inst., Inc.*, 460 U.S. 103, 119 (1983)). Indeed, the statute does not mention violent crimes, but rather serious ones—those deserving punishment of more than a year in prison. 18 U.S.C. § 922(g)(1).

Finally, we are not persuaded by Hughley's points about the age of his felonies and the practically permanent nature of his ban. He has not shown that the age of his felonies takes him outside the statute's legitimate objectives. Hughley also has not shown that avenues for restoration of gun rights are unreasonable or futile. Hughley must show that the ban's permanent nature poses unique constitutional concerns for him. He has not done so.

Accordingly, we affirm the district court's judgment.

_____