**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10076 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00265-JAT-1 |
| v. | |
| ISRAEL TORRES, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted November 12, 2019
San Francisco, California

Before: BEA and LEE, Circuit Judges, and PIERSOL,[**] District Judge.

Israel Torres ("Torres") appeals the district court's denial of his motion to dismiss the indictment charging him with two counts of possessing firearms after having been twice convicted of felonies in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In 2004 and 2010, Torres pleaded guilty to aggravated driving-under-the-

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Lawrence L. Piersol, United States District Judge for the District of South Dakota, sitting by designation.

influence offenses, each of which was designated as a felony offense under Arizona law, and was punishable by a term of imprisonment exceeding one year. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

On appeal, Torres argues that the district court erred in concluding that his as-applied Second Amendment challenge to 18 U.S.C. § 922(g)(1) was foreclosed under Ninth Circuit precedent.

We review de novo the constitutionality of a statute, *United States v. Jones*, 231 F.3d 508, 513 (9th Cir. 2000), and constitutional challenges to a district court's denial of a motion to dismiss, *United States v. Palmer*, 3 F.3d 300, 305 (9th Cir. 1993).

In *District of Columbia v. Heller*, the United States Supreme Court held that while the Second Amendment conferred an individual right to keep and bear arms, such right was not unlimited. 554 U.S. 570, 595, 626 (2008). Although the Court declined to undertake an "exhaustive historical analysis" of the full scope of the Second Amendment, it stated that "nothing in [its] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . ." *Id.* at 626. The Court referred to these regulatory measures as "presumptively lawful." *Id.* at 627 n.26.

In *United States v. Vongxay*, we concluded that the Supreme Court's language in *Heller* regarding the presumptive lawfulness of long-standing restrictions on gun

possession by felons served to limit the scope of the Court's holding that the Second Amendment conferred an individual right to keep and bear arms. 594 F.3d 1111, 1115 (9th Cir. 2010). We held that under *Heller*, "felons are categorically different from individuals who have a fundamental right to bear arms" and rejected Vongxay's argument that § 922(g)(1) was unconstitutional as-applied to him because it bars him and other citizens who have been convicted of non-violent felonies from exercising all Second Amendment rights. *Id.* at 1115-16. Vongxay had three previous non-violent felony convictions: two for car burglary and one for drug possession. *Id.* at 1114.

In *United States v. Phillips*, we again rejected a claim by a defendant that § 922(g)(1) violated his Second Amendment rights as-applied. 827 F.3d 1171, 1173 (9th Cir. 2016). There, Phillips argued that his felony conviction for misprision was non-violent and passive and could not constitutionally serve as a basis for depriving him of his right to possess a firearm. *Id.* We reiterated our holding in *Vongxay* that "felons are categorically different from individuals who have a fundamental right to bear arms" and concluded that we were "foreclosed" under *Vongxay* and *Heller* from considering the defendant's as-applied challenge. *Id.* at 1173-74.

We stated in *Phillips* that while we were bound under *Vongxay* and *Heller* to assume the propriety of felon firearm bans, there was "little question that Phillips's predicate conviction for misprision of felony [could] constitutionally serve as the

3

basis for a felon ban" because the statute under which he was convicted was functionally identical to its predecessor, enacted prior to the ratification of the Second Amendment, and which made misprision a felony. *Id.* at 1175-76. We stated that we were "hard pressed to conclude that a crime that has always been a federal felony [could] not serve as the basis of a felon firearm ban, simply because its actus reus may appear innocuous." *Id.* at 1176.

Mr. Torres argues that the district court erred in concluding that Ninth Circuit precedent foreclosed his as-applied challenge to the constitutionality of § 922(g)(1) on the basis that his predicate felony convictions were not considered felonies at the founding. We disagree. Like the court in *Phillips* and other courts in this Circuit that have rejected as-applied challenges to the constitutionality of § 922(g)(1) under the Second Amendment, this court is bound under *Vongxay* and *Heller* to assume the propriety of felon firearm bans.[1]

**AFFIRMED.**

---

[1] This court notes as well that even the plurality opinion in *Binderup v. Attorney General*, 836 F.3d 336, 351 (3d Cir. 2016) (en banc), which Torres relies on heavily in his argument for applying intermediate scrutiny in this case stated that "exclusions need not mirror limits that were on the books in 1791 to comport with the Second Amendment. Rather, we will presume the judgment of the legislature is correct and treat any crime subject to § 922(g)(1) as disqualifying unless there is a strong reason to do otherwise."

*United States v. Israel Torres*, No. 18-10076

LEE, Circuit Judge, concurring:

I agree that Israel Torres's felon-in-possession conviction under 18 U.S.C. § 922(g)(1) must be affirmed under this court's precedent in *United States v. Vongxay*, 594 F.3d 1111, 1116 (9th Cir. 2010) (stating that this circuit "declined to make a distinction between violent and non-violent felons" for purposes of analyzing Second Amendment challenges to § 922(g)(1)).

I write separately, however, because I do not believe either the Supreme Court or the Ninth Circuit has explicitly held that felons are categorically barred from bringing as-applied Second Amendment challenges to § 922(g)(1). While facial challenges to § 922(g)(1) are foreclosed, the door appears to remain ajar on whether someone can pursue an as-applied Second Amendment challenge in circumstances where the underlying felony is so minor or regulatory in nature and has no analogue in the Founding era.

The Supreme Court's decision in *District of Columbia v. Heller* does not appear to prohibit as-applied challenges. The opinion notes that "longstanding prohibitions" like § 922(g)(1) are "*presumptively* lawful regulatory measures." 554 U.S. 570, 626–27 n.26 (2008) (emphasis added). Presumptions require an actor "[t]o take for granted as being true in the absence of proof to the contrary" the matter presumed. American Heritage Dictionary (5th ed. 2016) (definition of

"presume"). In other words, presumptions may be rebuttable. While words in a judicial opinion — as opposed to a statute — should not be scrutinized with a gimlet eye, the Supreme Court's use of the word "presumptively" in *Heller* at least suggests that as-applied challenges based on the Second Amendment may be permissible. And indeed, many of our sister circuits have cited that language to consider as-applied Second Amendment challenges.[1]

Further, neither *Vongxay* nor *Phillips* appear to expressly foreclose as-applied challenges within the Ninth Circuit. The *Vongxay* court held that "felons are *categorically different* from the individuals who have a fundamental right to bear arms." 594 F.3d at 1115 (emphasis added). The district court here cited that sentence as an indication that the Ninth Circuit has categorically barred as-applied challenges. But that sentence merely indicates that longstanding prohibitions like § 922(g)(1) are "presumptively" lawful because felons are "categorically

---

[1] *See United States v. Torres-Rosario*, 658 F.3d 110, 113 (1st Cir. 2011); *Binderup v. Attorney Gen. U.S.*, 836 F.3d 336, 343 (3d Cir. 2016) (en banc); *United States v. Moore*, 666 F.3d 313, 316 (4th Cir. 2012); *United States v. Williams*, 616 F.3d 685, 692 (7th Cir. 2010); *Schrader v. Holder*, 704 F.3d 980, 988 (D.C. Cir. 2013); *see also United States v. Woolsey*, 759 F.3d 905, 909 (8th Cir. 2014) (hearing as-applied challenge to § 922(g)(1) but making no reference to *Heller*). *But cf. United States v. Chovan*, 735 F.3d 1127, 1147 n.4 (9th Cir. 2013) (Bea, J., concurring) (noting that federal courts are split on the meaning of "presumption" and stating that "perhaps" the better reading is that the presumption is irrebuttable).

different."  That unremarkable observation does not say as-applied challenges are categorically banned.

Six years later, this court in *Phillips* suggested that it is far from settled whether someone can mount an as-applied Second Amendment challenge where the underlying felony is so minor and does not have a historical analogue in the Founding era.  The *Phillips* court held that it "does not address . . . the question of whether there are limits on Congress's and the States' ability to define any old crime as a felony and thereby use it as the basis for a § 922(g)(1) conviction, consistent with the Second Amendment."  827 F.3d 1171, 1176 n.5 (noting that misprision was a felony prior to the enactment of the Second Amendment).  The court then wryly offered a seemingly fanciful hypothetical of whether a felony conviction over "stealing a lollipop" could serve as a proper predicate for purposes of § 922(g)(1).  The court concluded that "remains to be seen." *Id.*

But we may not have to wait for Godot for an answer because that hypothetical in *Phillips* may not be as fanciful as we may think.  As many legal commentators across the spectrum have noted, there has been a recent trend of so-called "overcriminalization" under both federal and state laws.  *See, e.g.,* Stephen F. Smith, *Overcoming Overcriminalization*, 102 J. Crim. L. & Criminology 537 (2013).  For example, West Virginia law states that a person who shoplifts merchandise of any amount on three separate occasions within seven years will

face a felony charge on her third offense.  W. Va. Code Ann. § 61-3A-3 (West 2019).[2]

So can the government effectively extinguish the Second Amendment right of a serial stealer of lollipops, even though such a right is fundamental and "necessary to our system of ordered liberty"?  *McDonald v. City of Chicago*, 561 U.S. 742, 778 (2010).

Perhaps — but we can only be confident in the answer by subjecting that question through the exacting scrutiny of judicial review.  *See Gonzales v. Carhart*, 550 U.S. 124, 168 (2007) (noting that "[a]s-applied challenges are the basic building blocks of constitutional adjudication") (internal quotation marks and citation omitted).  The merit of such as-applied challenges may be minimal in many, most, or even nearly all cases.  But that should not mean that the government can strip a citizen of her fundamental constitutional right that is "deeply rooted in this Nation's history and tradition" (*McDonald*, 561 U.S. at 768) — without a meaningful opportunity to challenge the law as it applies to her.

---

[2] Other states appear to have similarly expansive felony laws. In Utah, for example, illicitly recording in a movie theater on two occasions can earn the camera operator a third-degree felony conviction.  Utah Code Ann. § 13-10b-201 (West 2019).  In Florida, a man was reportedly charged with a felony for releasing a dozen heart-shaped balloons in a misguided romantic gesture.  *See* Erika Pesantes, *Love Hurts: Man Arrested for Releasing Helium Balloon with His Girlfriend*, Sun Sentinel (Feb. 22, 2013), https://www.sun-sentinel.com/news/fl-xpm-2013-02-22-fl-helium-balloon-environmental-crime-20130222-story.html.