# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3311
_____

United States of America,

*Plaintiff - Appellee*,

v.

Jackson Williams,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: October 18, 2021
Filed: February 1, 2022
[Published]
_____

Before COLLOTON, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

After a bench trial, the district court found Jackson Williams guilty of unlawfully possessing a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). At sentencing, the court concluded that Williams qualified as an armed career criminal and sentenced him to 211 months' imprisonment. On appeal, Williams argues that application of the federal firearms statute violated his rights under the Second

Amendment, and, if the conviction is valid, that the court made a procedural error when imposing his sentence. We affirm the conviction, but conclude that intervening precedent requires a remand for resentencing.

The charge against Williams arose from a search of a residence in Omaha owned by one Angellia Wade. Williams was subject to arrest under an outstanding warrant, and police officers found him hiding in a basement utility room. The officers arrested Williams and seized two handguns that they found nearby in the basement.

A grand jury charged Williams with unlawful possession of a firearm as a convicted felon. *See* 18 U.S.C. § 922(g)(1). The indictment alleged that Williams had sustained prior convictions for third-degree assault on a correctional officer, first-degree false imprisonment, terroristic threats, attempted burglary, and possession of a controlled substance on three separate occasions.

Williams moved to dismiss the indictment on the theory that the felon-in-possession statute violated the Second Amendment as applied to him. Williams asserted that the place where the seizure occurred was his residence, and that he possessed the firearms for "protection of his home and his person." The district court concluded that even if the place where officers found Williams was his residence, he did not enjoy a constitutional right to possess the firearms. The court reasoned that Williams previously had sustained multiple felony convictions for violent crimes, and that he was therefore "categorically different from the individuals who have [a] fundamental right to bear arms." R. Doc. 73, at 2 (quoting *United States v. Vongxay*, 594 F.3d 1111, 1115 (9th Cir. 2010)). At a bench trial, the court again rejected Williams's constitutional challenge and found him guilty.

At sentencing, the court determined that Williams should be classified as an armed career criminal under 18 U.S.C. § 924(e). The court concluded that Williams's prior convictions for terroristic threats, third-degree assault on an officer, and first-

-2-

degree false imprisonment qualified as violent felonies under the statute, so Williams met the definition of an armed career criminal. As a result, the court applied a statutory minimum penalty of 15 years' imprisonment and a statutory maximum of life, and calculated an advisory guideline range of 235 to 293 months' imprisonment based on the guideline applicable to an armed career criminal. *See* USSG § 4B1.4(b). The court then varied downward from the range and sentenced Williams to 211 months' imprisonment. Without the armed career criminal enhancement, the guidelines would have recommended a shorter term, and the statutory maximum term for the offense of conviction would have been 120 months. 18 U.S.C. § 924(a)(2).

Williams first argues that the prohibition on possession of a firearm by a felon is unconstitutional as applied to him because he possessed the firearms "inside his residence for the purpose of self-defense and defense of his home." The Second Amendment, as construed in *District of Columbia v. Heller*, 554 U.S. 570 (2008), protects an individual right "to keep and bear arms for lawful purposes, most notably for self-defense within the home." *McDonald v. City of Chicago*, 561 U.S. 742, 780 (2010). At the same time, however, the Court said that "longstanding prohibitions on the possession of firearms by felons" are "presumptively lawful," and cited "historical justifications" on which it could "expound" later. *Heller*, 554 U.S. at 626-27 & n.26, 635. The Court in *McDonald* said: "We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill' . . . ." 561 U.S. at 786 (quoting *Heller*, 554 U.S. at 626). This court has not resolved whether the felon-in-possession statute is susceptible to as-applied challenges, and it is unnecessary to do so here. Given the "assurances" in *Heller* and *McDonald*, *id*. at 786, both of which involved possession of firearms in the home, we reject Williams's contention that the location of his firearm in the home for the alleged purpose of self-defense, by itself, makes § 922(g)(1) unconstitutional as applied to him. *See United States v. Brown*, 436 F. App'x 725, 726 (8th Cir. 2011) (rejecting as-applied challenge to § 922(g)(1) where defendant possessed gun under bedroom mattress assertedly for self-defense).

Williams raises no other argument why the statute might be unconstitutional as applied to him. (His brief states that he "is not arguing that his prior convictions are all non-violent or that his prior convictions are so far in the distant past as to be irrelevant." Appellant's Br. 55-56.) The district court correctly rejected Williams's as-applied challenge to § 922(g)(1).

Williams next asserts that he is not an armed career criminal for purposes of sentencing. A defendant qualifies as an armed career criminal when he has sustained convictions for at least three "violent felonies." 18 U.S.C. § 924(e). A "violent felony" means an offense punishable by more than a year in prison that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The district court determined that Williams was an armed career criminal based on prior Nebraska convictions for (1) terroristic threats, (2) third-degree assault on an officer, and (3) first-degree false imprisonment.

After the sentencing, however, the Supreme Court ruled that an offense that may be committed with a *mens rea* of recklessness does not qualify as a violent felony under the statute. *Borden v. United States*, 141 S. Ct. 1817 (2021). Williams's prior offense of terroristic threats does not constitute a violent felony in light of *Borden*. As of 2015, when Williams committed the crime, the statute applied where an offender threatened to commit a crime of violence with any of three possible mental states: (1) "the intent to terrorize another," (2) "the intent of causing the evacuation of a building, place of assembly, or facility of public transportation," or (3) "reckless disregard of the risk of causing such terror or evacuation." Neb. Rev. Stat. § 28-311.01 (2015). The statute is not divisible into three separate crimes; terroristic threats is a single offense that may be committed different ways. *State v. Abejide*, 879 N.W.2d 684, 693 (Neb. 2016). As such, a defendant could be convicted of terroristic threats based on a mental state of "reckless disregard." Although *Fletcher v. United States*, 858 F.3d 501 (8th Cir. 2017), held that the Nebraska

-4-

offense of terroristic threats categorically qualified as a violent felony, *Borden* supersedes that decision.

The district court classified Williams as an armed career criminal based on three prior convictions, including one for terroristic threats. As that offense does not qualify as a violent felony, Williams had not sustained the requisite three prior convictions, and he must be resentenced without the armed career criminal classification.

\*    \*    \*

For these reasons, we affirm the judgment of conviction, but vacate Williams's sentence and remand the case for resentencing.

STRAS, Circuit Judge, concurring in part and concurring in the judgment.

I agree with the court's opinion, except for its discussion of Williams's Second Amendment challenge. There is no dispute here that Williams is a serial violent offender, so under the original understanding of the Second Amendment, he has no plausible claim for relief. *See Kanter v. Barr*, 919 F.3d 437, 451, 464–65 (7th Cir. 2019) (Barrett, J., dissenting) (concluding that, under the original understanding of the Second Amendment, legislatures can take the right to bear arms away from dangerous felons). I would end the analysis there.

_____