# United States Court of Appeals
### For the Eighth Circuit

_____

No. 24-1478
_____

United States of America

*Plaintiff - Appellee*

v.

Principal Levell Springer, also known as Lil Moe, also known as Principal Lavelle Springer

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: February 12, 2025
Filed: June 24, 2025
[Published]
_____

Before LOKEN, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Principal Springer dealt drugs within 1,000 feet of a school and had multiple guns in his apartment. Although he believes he had a Second Amendment right to possess the firearms and that his 110-month sentence is too long, we affirm.

I.

Following a years-long investigation, a search of Springer's apartment turned up drugs, drug paraphernalia, and firearms. Two charges followed: conspiring to deal drugs within a school zone, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, 860, and unlawfully possessing firearms, *see* 18 U.S.C. § 922(g). According to the indictment, he could not legally possess the guns because of his drug use, *see id.* § 922(g)(3), and a previous misdemeanor domestic-violence conviction, *see id.* § 922(g)(9).

Springer moved to dismiss the firearm count. *See* Fed. R. Crim. P. 12(b). As relevant here, he argued that both restrictions violate the Second Amendment, one facially and the other as applied. The district court[1] disagreed, so Springer pleaded guilty and expressly reserved the right to renew his Second Amendment challenges on appeal. *See* Fed. R. Crim. P. 11(a)(2). In the end, he received concurrent sentences of 110 months in prison.

II.

Springer's Second Amendment challenges present an unusual twist. Rather than charge him with illegally possessing a firearm for just one reason, the indictment listed two. *See United States v. Platter*, 514 F.3d 782, 786–87 (8th Cir. 2008) ("[W]here a statute specifies two or more ways in which one offense may be committed, all may be alleged in the conjunctive in one count of the indictment, and proof of any one of the methods will sustain a conviction." (citation omitted)). His position is that neither is consistent with the Second Amendment. *See United States v. Veasley*, 98 F.4th 906, 908 (8th Cir. 2024) (applying de novo review to a Second Amendment challenge); *see also United States v. Sitladeen*, 64 F.4th 978, 983 (8th Cir. 2023) (reviewing the denial of a motion to dismiss an indictment de novo).

---

[1]The Honorable C.J. Williams, then District Judge, now Chief Judge, United States District Court for the Northern District of Iowa.

A.

We recently rejected the argument that the drug-user-in-possession statute, 18 U.S.C. § 922(g)(3), is facially unconstitutional. *See Veasley*, 98 F.4th at 918. As we explained, it "pass[es] constitutional muster" in at least some of its applications, *id.* (quoting *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 30 (2022)), which is just as true now as it was then, *see United States v. Rahimi*, 602 U.S. 680, 698 (2024). Circuit precedent, in other words, forecloses Springer's facial challenge. *See Mader v. United States*, 654 F.3d 794, 800 (8th Cir. 2011) (en banc) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel." (citation omitted)).

B.

It also ends his as-applied challenge to the domestic-abuser-in-possession statute, 18 U.S.C. § 922(g)(9), but for a different reason. A "conviction can be sustained on any one of the § 922(g) categories" because just one is enough to make the possession illegal. *United States v. Marin*, 31 F.4th 1049, 1054 n.2 (8th Cir. 2022). Given that we have already concluded that disarming some drug users is consistent with the Second Amendment, *see Veasley*, 98 F.4th at 918, it makes no difference to Springer whether the other category, which covers domestic abusers, is too, *see United States v. Hoeft*, 128 F.4th 917, 921 (8th Cir. 2025) ("pass[ing] no judgment . . . on § 922(g)(9)" because "[t]he jury stated in a special verdict form that it found [the defendant] guilty under both § 922(g)(1) and (g)(9), so it would have convicted [him] . . . even if § 922(g)(9) was removed from the indictment"). Either way, his firearm conviction stands.

III.

Unable to undo his conviction, Springer argues that the district court should have at least varied downward at sentencing. We review the refusal to do so for an

abuse of discretion.  *See United States v. Gillispie*, 487 F.3d 1158, 1162 (8th Cir. 2007).

Here, in selecting a sentence at the bottom of the Sentencing Guidelines range, the district court sufficiently considered the statutory factors, 18 U.S.C. § 3553(a)—including Springer's offense conduct, criminal history, childhood and education, and medical conditions—and did not rely on an improper factor or commit a clear error of judgment.  *See United States v. Becerra*, 958 F.3d 725, 731 (8th Cir. 2020) (holding there was no abuse of discretion when the district court "made an individualized assessment based on the facts presented" (citation omitted)). Although Springer believes he should have received a downward variance, which would have resulted in an even lower sentence, the district court was under no obligation to grant one.  *See United States v. Noriega*, 35 F.4th 643, 652 (8th Cir. 2022).

IV.

We accordingly affirm the judgment of the district court.

_____